MATTER OF MARTINEZ-MONTEAGUDO

In Adjustment of Status Proceedings

A-12406533

*Decided by Regional Commissioner April 11, 1968*

A native and citizen of Cuba who *last* entered the United States illegally, having entered without inspection on March 28, 1961, is ineligible for adjustment of status under section 1, Act of November 2, 1966, notwithstanding he had on prior occasions subsequent to January 1, 1959 been inspected and admitted into the United States. [*Matter of Riva*, Int. Dec. No. 1691, distinguished.]

**Discussion:** This case comes forward by certification from the District Director, Miami, Florida, who denied the application on the grounds that the applicant last entered the United States without inspection and is, therefore, ineligible for the benefits sought.

The applicant claims to be a native and citizen of Cuba, born in Santa Clara, Las Villas, Cuba, on August 8, 1923. He last entered the United States illegally near Brownsville, Texas, on March 28, 1961, with the express intent of evading inspection in that area and proceeding to Miami, Florida. He was, on April 10, 1961, at Miami, Florida, granted an indefinite period of time within which to depart voluntarily from the United States.

Records of this Service indicate the applicant was inspected and admitted into the United States as a nonimmigrant visitor on July 19, 1960, and departed on July 26, 1960. He was again admitted in the same status on August 6, 1960; departed August 13, 1960; admitted September 28, 1960, and departed January 24, 1961. There is nothing in the record to indicate that he was other than a bona fide visitor on the occasions of those visits to the United States, nor that he was then a refugee from Cuba. In fact, the record indicates that he returned directly to Havana after at least the first two visits.

Section 1 of the Act of November 2, 1966, provides, in part, that the status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959, and has been physically present in the United States for at least two years, may be adjusted by the Attorney

General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence, if the alien makes an application for such adjustment and the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence. Upon approval of such an application for adjustment of status, the Attorney General shall create a record of the alien's admission for permanent residence as of a date thirty months prior to the filing of such an application or the date of his last arrival into the United States, whichever date is later.

In the *Matter of Riva*, Interim Decision No. 1691, the Regional Commissioner found that adjustment of status under the law in question here could be based on the alien's first inspection and admission or parole into the United States subsequent to January 1, 1959, notwithstanding a subsequent arrival after a temporary absence from the United States with no intention on the part of the applicant to abandon residence in the United States. The case before us is distinguished from Riva in that Riva, after a temporary absence, was inspected and admitted or paroled into the United States and was in the country pursuant to such inspection and admission when her status was adjusted. Our applicant evaded inspection and entered illegally when he last arrived and is now in the United States pursuant to that illegal entry.

Section 1 of the Act of November 2, 1966, clearly contemplates the adjustment of status of an alien who is in the United States pursuant to inspection and admission or parole into the United States. The grant of indefinite voluntary departure to the applicant did not constitute an inspection and admission or parole. Since he is in the United States pursuant to an illegal entry, he is not eligible for adjustment of status and the decision of the District Director will be approved.

ORDER: The decision of the District Director, Miami, Florida, is affirmed and the application is denied.